# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TRAVIS JAMES WEBB,** | )<br>) |
| Plaintiff, | ) Case No. 7:14CV00106<br>) |
| v. | ) **OPINION**<br>) |
| **MICHAEL BROYLES,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Travis James Webb, Pro Se Plaintiff.*

The plaintiff, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendant, a corrections employee, deprived plaintiff of his religious diet by falsely reporting that he witnessed plaintiff eating from a regular diet tray on November 19, 2014.[1]  Plaintiff now moves for interlocutory injunctive relief. (ECF No. 11-1.)  Specifically, the plaintiff asks the court to direct that the defendant and other prison officials be prohibited from "inflicting physical and mental harm" on plaintiff, from making verbal threats or tampering with plaintiff's food, and from interfering with plaintiff's ability to access the law library and receive photocopies of legal work.

---

[1] The record reflects that the plaintiff has consented to payment of the filing fee for this action, and by separate order, the court will direct the clerk's office to attempt service of the Complaint on the defendant.

Because interlocutory injunctive relief is an extraordinary remedy, a party seeking the preliminary injunction must make a clear showing "[1] that he is likely to succeed on the merits; [2] he is likely to suffer irreparable harm in the absence of preliminary relief; [3] that the balance of equities tips in his favor; and [4] an injunction is in the public interest."[2] *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part by* 607 F.3d 355, 355 (4th Cir. 2010) (internal quotation marks and citation omitted). Each of these four factors must be satisfied. 575 F.3d at 347. Thus, plaintiff's assertion that he will *possibly* incur irreparable harm in the absence of court intervention is insufficient grounds for relief. *Id.*

Plaintiff's request for interlocutory relief merely states his desire for court-ordered protection from prison officials' *possible* reprisals for this lawsuit. Plaintiff does not state any facts indicating that the defendant or any other official has taken, or is likely to take, any adverse action against him because he has chosen to exercise his right to access the court. Plaintiff's speculative fear that

---

[2] Plaintiff requests a temporary restraining order and a preliminary injunction. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. Because it is clear from the outset that the plaintiff is not entitled to a preliminary injunction, I find no basis upon which to grant him a temporary restraining order.

officials might *possibly* retaliate against him in some way because of this lawsuit is insufficient under the required test to warrant the extraordinary court relief he requests. Therefore, I must deny his motion.

A separate Order will be entered herewith. The clerk will send a copy of that Order and this Opinion to the plaintiff.

DATED: April 9, 2014

/s/ James P. Jones
United States District Judge