# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE  DIVISION

| | | |
|---|---|---|
| **TRAVIS JAMES WEBB,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00106 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL BROYLES,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Travis James Webb, Pro Se Plaintiff; Kate E. Dwyre, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendant.*

The plaintiff, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),[1] alleging that the defendant prison food service manager deprived him of his religious diet.  After review of the record, I find that the defendant's Motion to Dismiss must be granted in part and denied in part.  I will also grant the plaintiff's Motion to Amend Complaint and the defendant's motions seeking to preclude discovery at this time.

---

[1] The plaintiff states that he is bringing his religious rights claims under "RFRA," the Religious Freedom Restoration Act, which cannot apply to state officials.  *See City of Boerne v. Flores*, 521 U.S. 507, 535-36 (1997).  I will liberally construes the Complaint as asserting claims under RLUIPA since that statute permits suit against a state official by an inmate.  *See, e.g., Lovelace v. Lee*, 472 F.3d 174, 186 (4th Cir. 2006).

I

The plaintiff alleges that he is an inmate at Wallens Ridge State Prison who was previously approved to participate in the Common Fare Diet.[2]  Liberally construing Webb's submissions, he claims that defendant Michael Broyles, the prison's food service manager, falsely reported that he had witnessed Webb accepting a regular diet tray instead of his Common Fare meal on November 19, 2013.  Webb denies that he did so.  On December 15, 2013, Broyles allegedly removed Webb from the Common Fare list without notice or a hearing on the matter, based on the November 19 report.  Webb states that he received notice and a hearing on the matter the next day when officials informed him that, because of his reported violation of Common Fare diet rules on November 19, he was suspended for six months from receiving the Common Fare diet.

Webb sues Broyles for depriving him of his religious diet, in violation of his free exercise rights under the First Amendment and RLUIPA without due process and seeks monetary damages.[3]  The defendant has filed a Motion to Dismiss, and plaintiff has responded, making the matter ripe for disposition.

---

[2] The Common Fare Diet is "[a]n appropriate religious diet for [approved VDOC] offenders whose religious dietary needs cannot be met by the Master Menu."  *See* https://vadoc.virginia.gov/about/procedures/documents/
800/841-3.pdf (last visited July 10, 2014).

[3]  Webb does not seek injunctive relief, and his most recent filings indicate that he now receives the Common Fare diet.

-2-

## II

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the pleader has properly stated a cognizable claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In order to survive a motion to dismiss, the plaintiff must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating the sufficiency of a pro se complaint, the court accepts as true all well-pled facts and liberally construes those facts in the light most favorable to the pleader. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

I find that he cannot prevail on his claim for damages. RLUIPA does not authorize a private cause of action for money damages against prison personnel for actions taken in their official capacities, because they have immunity against such claims under the Eleventh Amendment. *Sossamon v. Texas*, 131 S. Ct. 1651, 1660 (2011). Likewise, Webb has not asserted facts supporting any RLUIPA claims for money damages against Broyles in his individual capacity. *See Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) (finding no evidence of congressional intent to approve individual capacity damages claim under RLUIPA). Consequently, I will grant the Motion to Dismiss as to Webb's claim under RLUIPA.

Liberally construing Webb's submissions, however, I conclude that he has alleged facts stating a prima facie § 1983 claim against Broyles for violation of his First Amendment rights. From the fact that Webb was previously approved to receive the Common Fare diet, I find it reasonable to infer that he has a sincere, religious belief requiring him to consume such a diet. I also find it reasonable to infer from Webb's submissions that Broyles knowingly deprived Webb of his religiously mandated diet for up to six months without a reasonable justification. *See Wall v. Wade*, 741 F.3d 492, 502 (4th Cir. 2014) (A prison official violates an inmate's First Amendment right to free exercise when "he intentionally and without sufficient justification denies an inmate his religiously mandated diet.'") (quoting *Lovelace*, 472 F.3d at 199-200 (noting "prisoner's free exercise rights may only be restricted by punitive measures to the extent that these measures are reasonably adapted to achieving a legitimate penological objective") (internal quotation marks and citation omitted)). Accordingly, I will deny the Motion to Dismiss as to Webb's First Amendment claim against Broyles.

I also find that Webb has alleged facts surviving the Motion to Dismiss as to his due process claim. *See Lovelace*, 472 F.3d at 202 (stating elements of due process analysis in religious diet context). Webb has stated facts on which he may be able to prove that he had a protected liberty interest, derived from his free exercise right, in observing his religiously mandated diet. *Id.* at 220 n.4

(Wilkinson, J., dissenting) (finding that Constitution or state laws or policies may create liberty interest). Webb has alleged that he did not receive timely notice of the charge that he had violated Common Fare diet rules and that officials did not consider evidence that his violation did not occur as reported or was unintentional. As such, Webb's allegations give rise to an argument that the procedure used to deprive Webb of his religious diet was not adequate to protect against "'the risk of an erroneous deprivation.'" *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

For these reasons, I will grant the defendant's Motion to Dismiss as to Webb's RLUIPA claim, but will deny the motion as to Webb's free exercise and due process claims. Webb has moved for leave to file an amended complaint, which I will grant. I do not find, however, that Webb is entitled to engage in discovery before submitting his amended complaint. Therefore, I will grant the defendant's pending motions for protective order and deny the plaintiff's Motion for Discovery. The plaintiff is advised that he may move to have the protective order lifted, if warranted, once the defendant has responded to the amended complaint.

A separate Order will be entered herewith.

DATED: July 29, 2014

/s/ James P. Jones
United States District Judge