# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE  DIVISION

| | | |
|---|---|---|
| **TRAVIS JAMES WEBB,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00106 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHAEL BROYLES,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Travis James Webb, Pro Se Plaintiff; Nancy Hull Davidson, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for the Defendant.*

Plaintiff Travis James Webb, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Michael Broyles, the Food Operations Director at Wallens Ridge State Prison, where Webb was previously incarcerated. I previously denied Broyles' Motion for Summary Judgment as to two claims:  that Broyles violated Webb's Free Exercise rights by falsely accusing him of violating his Common Fare Diet Agreement by eating a regular meal tray on November 19, 2013, in the Wallens Ridge chow hall; and that Broyles deprived Webb of his Common Fare meals beginning on December 15, 2013, without notice or a hearing, in violation of his due process rights.

I then referred the matter to Judge Sargent for appropriate proceedings.  *See* 28 U.S.C. § 636(b)(1)(B).  After conducting a bench trial, no jury having been

demanded, Magistrate Judge Sargent filed a Report and Recommendation on September 25, 2015. The Report found that Webb had not proven by a preponderance of the evidence that Broyles purposely accused him falsely of violating his Common Fare Diet Agreement or that Broyles personally removed him from that diet.

Webb filed timely objections to the Report, which objections are ripe for decision. He objects to the Report's finding that Broyles' testimony was the more credible and attempts to discredit Broyles and other defense witnesses in various ways. Webb also objects to the hearing itself and to the court's refusal to appoint counsel for him. Webb now claims that he had demanded a jury trial, had unresolved discovery issues, and did not understand the need to marshal and present his trial evidence before the magistrate judge.

I have carefully reviewed Webb's objections, his additional evidence, and pertinent parts of the record. I have also conducted de novo review of the witness testimony as reflected in the unchallenged transcript of the trial evidence.[1] I conclude that the evidence presented supports the magistrate judge's factual findings and legal conclusions on which she relied in recommending judgment for the defendant on both claims. I further find that the court's docket does not reflect

---

[1] In performing a de novo review, the court must exercise "[its] non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." *Wimmer v. Cook*, 774 F.2d 68, 76 (4th Cir. 1985) (internal quotation marks and citation omitted).

-2-

that any party served a timely demand for a jury trial, that Webb's motions for appointment of counsel and all discovery matters were appropriately resolved, and that the court's orders adequately advised Webb of the nature of the bench trial proceeding.

Accordingly, it is hereby **ORDERED** as follows:

1.      The Objections by Plaintiff are OVERRULED;

2.      The Report and Recommendation (ECF No. 75) is hereby ACCEPTED; and

3.      A separate Judgment will be entered in favor of Defendant Broyles.

ENTER: January 19, 2016

/s/  James P. Jones
United States District Judge